**Entered on Docket**
**November 25, 2009**
**GLORIA L. FRANKLIN, CLERK**
**U.S BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

1 | Daniel B. Beck, SBN 63865
  | Evan Livingstone, SBN 252008
2 | Beck Law P.C.
  | 2681 Cleveland Avenue
3 | Santa Rosa CA 95403
  | Phone: 707-576-7175
4 | Fax: 707-576-18782681

5 | Email: evanlivingstone@sbcglobal.net

6 | Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re **Tamie M Lamoreaux / David R Lamoreaux**, Debtor(s)

Case No. **09-11012**
Chapter **13**

## ORDER VALUING 2ND AND 3RD LIENS OF BANK OF AMERICA AS $0

On November 16, 2009, he court held a hearing on Debtor's motion to value the 2nd and 3rd lien of Bank of America against the property commonly known as 1176 London Way, Napa CA 94559, at $0. The second lien is that which secures Lienholder's loan number 68249004288301, created about September 1, 2006, which has a principal balance of $130,124 (Second Lien). The third lien is that which secures Lienholder's loan number 68249004288399, also created about September 1, 2006, which has a principal balance of $.34,874 (Third Lien).. Evan Livingstone appeared for Debtor. There was no appearance for Bank of America.

The court finds that notice of the motion was proper. There having been no opposition to the motion, and good causing appearing,

IT IS HEREBY ORDERED

(1) For purposes of Debtor's chapter 13 plan only, the Second and Third Liens are valued at zero, Bank of America does not have a secured claim, and the Liens may not be enforced, pursuant to 11 U.S.C. §§506, 1322 (b)(2) and 1327.

(2) Upon entry of a discharge in Debtor's chapter 13 case, the 2nd and 3rd Liens shall be voided for all purposes, and upon application by Debtor, the court will enter an appropriate form of judgment voiding the Lien.

(3) If Debtor's chapter 13 case is dismissed or converted to one under another chapter before Debtor obtains a discharge, this order shall cease to be effective and the Liens shall be retained to the extent recognized by applicable non-bankruptcy law, and upon application by the lienholder, the court will enter an appropriate form of order restoring the Liens.

(4) Except as provided by separate, subsequent order of this court, the Liens may not be enforced so long as this order remains in effect.

Dated: November 25, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge